## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 17 2017, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Russell B. Cate
Cate, Terry & Gookins LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nicholas Edward Daugherty,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 17, 2017

Court of Appeals Case No.
29A02-1609-CR-2076

Appeal from the Hamilton
Superior Court

The Hon. J. Richard Campbell,
Judge

Trial Court Cause No.
29D04-1603-CM-1923

**Bradford, Judge.**

# Case Summary

[1] The Appellant-Defendant Nicholas Edward Daugherty appeals his conviction of possession of paraphernalia as a Class C misdemeanor, contending that the Appellee-Plaintiff the State of Indiana ("the State") failed to produce sufficient evidence to sustain his conviction. Specifically, Daugherty claims that the State failed to prove that Daugherty constructively possessed the paraphernalia. Due to the evidence that the paraphernalia was close in proximity to Daugherty, it was found in a vehicle owned by Daugherty's father, and Daugherty made incriminating statements, we affirm.

# Facts and Procedural History

[2] On February 19, 2016, Hamilton County Sheriff's Deputy Neal Hoard stopped a vehicle that had a headlight out. Deputy Hoard approached the driver's side of the vehicle and was explaining the purpose for the traffic stop and noticed an odor of marijuana coming from the vehicle. There were two individuals in the vehicle at that time. Daugherty was in the passenger seat and Nicholas Trees was in the driver seat. The vehicle was registered to Daugherty's father.

[3] Deputy Hoard subsequently asked both Daugherty and Trees to exit the vehicle, radioed for backup, and conducted a search of the vehicle. During the search, Deputy Hoard located marijuana, scales, a measuring cup, and a mason jar stuffed with zip-lock baggies with marijuana residue. Deputy Hoard also

discovered two smoking pipes in the glove compartment with a "odor of burnt marijuana." Tr. p. 10.

[4] Deputy Hoard subsequently pulled Daugherty aside to ask him a few questions; this conversation was captured on Deputy Hoard's in-car video camera. At some point during the conversation, Daugherty admitted to Deputy Hoard that the pipes were his. Deputy also spoke to Trees individually during which Trees admitted to possession of the marijuana found in the vehicle.

[5] The State charged Daugherty with Class C misdemeanor possession of paraphernalia on March 15, 2016. After a bench trial, Daugherty was found guilty as charged and sentenced to fourteen days executed. This appeal follows.

# Discussion and Decision

[6] On appeal, Daugherty argues that there was insufficient evidence to support his conviction for possession of paraphernalia. Our standard for reviewing sufficiency of the evidence claims is well-settled. *Tobar v. State*, 740 N.E.2d 109, 111 (Ind. 2000).

> In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. This evidence need not

> overcome every reasonable hypothesis of innocence; it is
> sufficient so long as an inference may reasonably be drawn from
> it to support the verdict.

*Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012) (internal citations and quotations omitted). The trier of fact is responsible for resolving conflicts of testimony, determining the weight of the evidence, and evaluating the credibility of the witnesses. *Jones v. State*, 701 N.E.2d 863, 867 (Ind. Ct. App. 1998).

[7] Under Indiana Code section 35-48-4-8.3(b)(1), a person who knowingly or intentionally possesses an instrument, a device, or another object that the person intends to use for introducing into the person's body a controlled substance commits a Class C misdemeanor. The State can either prove actual or constructive possession in order to obtain a conviction for possession of paraphernalia. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). "A person constructively possesses contraband when the person has (1) the capability to maintain dominion and control over the item; and (2) the intent to maintain dominion and control over it." *Id*.

> A trier of fact may infer that a defendant had the capability to
> maintain dominion and control over contraband from the simple
> fact that the defendant had a possessory interest in the premises
> on which an officer found the item. We allow this inference even
> when that possessory interest is not exclusive. A trier of fact may
> likewise infer that a defendant had the intent to maintain
> dominion and control over contraband from the defendant's
> possessory interest in the premises, even when that possessory
> interest is not exclusive. When that possessory interest is not
> exclusive, however, the State must support this second inference
> with additional circumstances pointing to the defendant's

knowledge of the presence and the nature of the item. We have previously identified some possible examples, including (1) a defendant's incriminating statements; (2) a defendant's attempting to leave or making furtive gestures; (3) the location of contraband like drugs in settings suggesting manufacturing; (4) the item's proximity to the defendant; (5) the location of contraband within the defendant's plain view; and (6) the mingling of contraband with other items the defendant owns.

*Id.*

[8] Reviewing only the probative evidence and the reasonable inferences that support the verdict, we conclude that the evidence was sufficient to convict Daugherty of possession of paraphernalia. The record shows that Daugherty constructively possessed the pipes because they were in the glovebox, close in proximity to Daugherty. The evidence also shows that the vehicle was owned by Daugherty's father. Finally, Daugherty made incriminating statements in which he admitted to owning the pipes. A reasonable trier of fact could have determined that Daugherty had the intent and capability to maintain control of the pipes.

[9] According to the record, there is also evidence that the pipes and vehicle smelled of burnt marijuana. The evidence further shows that Daugherty and his friend were going to smoke the marijuana once they stopped the vehicle somewhere. The evidence is more than sufficient to establish that Daugherty intended to use the pipes to introduce marijuana into his body.

[10] Daugherty also challenges the sufficiency of the evidence because Deputy Hoard's testimony is allegedly incredibly dubious. The incredible dubiosity rule, which requires the reversal of a conviction, is only applied in very narrow circumstances. *Leyva v. State*, 971 N.E.2d 699, 702 (Ind. Ct. App. 2012). The rule of incredible dubiosity is expressed as follows:

> If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

*Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002).

[11] Daugherty fails to show that Deputy Hoard's testimony was inherently improbable, nor did he show that there was a complete lack of circumstantial evidence. Deputy Hoard's testimony regarding the events of February 19, 2016, was consistent and plausible; he never wavered in his description of the events. Further, we cannot say that Deputy Hoard's testimony regarding his conversation with Daugherty, including when Daugherty admitted to ownership of the pipes, was so inherently improbable that no reasonable person could believe it. Daugherty merely infers that Deputy Hoard's testimony is untruthful because parts of the recording of that conversation are inaudible.

[12]     Based upon our review of the evidence and the testimony most favorable to the conviction, we conclude that sufficient evidence exists from which the trier of fact could find Daugherty guilty beyond a reasonable doubt of possession of paraphernalia. We affirm.

Vaidik, C.J., and Brown, J., concur.